Sc ates, Justice, delivered the opinion of the court: Assumpsit. The first count is for money had and received, and a promise to pay upon demand, and avers a demand on the 7th of July, 1842. The second count is for money laid put and expended, lent and advanced at the special instance and request of the defendants, and avers a demand and refusal. Plea, non assumpsit. By the bill of exceptions it appears, that the plaintiff proved that the items in his account accrued for moneys deposited in the branch bank at Jacksonville. He also proved the due execution of the following instrument: “ Jacksonville, June 27th, 1842. I hereby authorize David A. Smith to make demand of payment of the deposits of cash made by me in the branch of the State Bank of Illinois, at Jacksonville, on the 27th Jan., 12th and 22d February, 1842, aforesaid, amounting in all to the sum of nine hundred and seventy dollars: to cheek for the same if paid; and if not paid, to sue for the same, in my name, to his use. Thos. Batty, Jr.” He also proved that a cheek, dated 7th July, 1842, drawn by “ Thomas Batty, by D. A. Smith,” was, on the day of its date, presented at the counter of the branch bank at Jacksonville, and payment demanded in “ specie or current funds,” which was refused. Which instruments were offered in evidence, to which the defendants objected, but their objections were overruled, and the instruments read. The defendants excepted. The jury found a verdict for the plaintiff, and assessed the damages, which he will sustain by reason of the nonperformance of certain promises and undertakings lately made, to the sum of $991.08. The assignment of errors questions the decisions of the court admitting the power of attorney and the cheek; and also in rendering a judgment upon a verdict so informal and defective. The power of attorney was most clearly admissible, its execution being proved; and being pertinent to show the authority of the agent to make the demand of payment. The objection urged against the admissibility of this check is on account of its being signed by “ Thomas Batty,” instead of Thomas Batty, Jr., who made the deposit, and authorized Mr. Smith to receive it. Payment was refused; but it does not appear from the bill of exceptions that it was refused, either because Mr. Smith had no right to demand it, or because the check was not a sufficient voucher for its payment. Mr. Smith being authorized to check for the money, had the plaintiffs suggested the omission of the “ Jr,” which identified the depositor, he could readily have altered it. From the silence of the bill of exceptions, we are left to presume a reason for refusal; and as he [* 202] might have made the demand verbally, the most natural presumption is, that they refused payment for want of funds to pay the debt. If there existed any valid objection to the sufficiency of this demand, the plaintiffs should have shown it. None appearing on the record, no error appears in that respect. The last objection is that the verdict is insufficient and uncertain, because it gives damages for prospective injuries, which the defendant will sustain. If upon the rendition of this verdict the plaintiffs had entered their objection, the court would have directed the jury to amend it, or the clerk to enter it in form. And I think, according to the facts, principles, and decisions in the cases in 3 Scam. 487, and 16 Peters 321, and the provisions of the 20th section of the practice act, (R. L. 491,) it is too late to take advantage of this objection, after having lain by, until it was too late for the party defendant here to have it corrected in the court below. The judgment is affirmed with costs. Judgment affirmed.